# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2010

Lyle W. Cayce
Clerk

No. 09-41135
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUTILIO ACOSTA-MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-698-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rutilio Acosta-Mendoza appeals the 52-month term of imprisonment imposed following his guilty-plea conviction for being illegally present in the United States following deportation. 8 U.S.C. § 1326. He asserts the district court erred in applying Sentencing Guideline § 2L1.2 (unlawfully entering or remaining in the United States) because it was not empirically based. Further, he contends that his sentence, despite being within the applicable guideline-sentencing range, was both procedurally and substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-*Booker*, the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

As noted, pursuant to *Gall*, we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a significant procedural error. *Id.* at 752-53. If, as in this case, there is no such error, we then review the substantive reasonableness of the sentence imposed, as noted above, for an abuse of discretion. *Id.* at 751-53. "[A] sentence within a properly calculated Guideline range is presumptively reasonable". *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Acosta first contends the district court erred in applying the applicable Guideline, § 2L1.2, because it was not empirically based. This contention is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). *See also United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

Acosta next contends his sentence is procedurally unreasonable because the district court failed to provide sufficient reasons for imposing a within-guidelines sentence. Because Acosta did not object on this basis in district court, review is only for plain error. *See Mondragon-Santiago*, 564 F.3d at 364. To establish reversible plain error, Acosta must show the district court committed a clear or obvious error that affected his substantial rights; even then, we have discretion whether to correct such error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial

2

proceedings. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009).   Because nothing in the record indicates the district court would have imposed a different sentence had it provided more explanation, Acosta has not shown that the district court's error, if any, affected his substantial rights.  *See Mondragon-Santiago*, 564 F.3d at 363-64.

Acosta also asserts his sentence is substantively unreasonable because it was greater than needed to accomplish the goals of 18 U.S.C. § 3553(a) (factors to be considered in sentencing).   Because Acosta did not object in district court to the substantive reasonableness of the sentence, review is again only for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).   Acosta's disagreement with the within-guidelines sentence imposed does not suffice to rebut the presumption of reasonableness.  *See Gall*, 552 U.S. at 51; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *Alonzo*, 435 F.3d at 554.

AFFIRMED.